Case 1:18-cr-00213-TWP-TAB   Document 47   Filed 04/11/24   Page 1 of 5 PageID #: 156

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:18-cr-00213-TWP-TAB-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| DANIEL GREEN | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:18-cr-00213-TWP-TAB |
| DANIEL GREEN, | ) ) -1 ) | |
| Defendant. | ) | |

**ORDER**

This matter is before the Court on two motions seeking compassionate release under § 603 of the First Step Act of 2018, filed by Defendant Daniel Green. (Dkts. 43, 44). For the reasons explained below, his motions are **DENIED**.

**I.     Background**

In 2010, Green plead guilty to conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in the United States District Court for the Western District of Michigan. (Dkts. 1, 4-3). The court sentenced Green to 137 months of imprisonment followed by 8 years of supervised release. (Dkt. 4-3 at 2–3). In 2018, Green began serving his term of supervised release sentence, and jurisdiction over his sentence was transferred to this Court. (Dkts. 1, 2).

In January 2023, the Court found that Green had committed four violations of supervised release: (1) new criminal charges, (2) alcohol use, (3) illegal substance use, and (4) alcohol use. (Dkt. 38). The Court sentenced him to 21 months of imprisonment for these violations. *Id.* at 38. Green is currently housed at the Detroit Residential Reentry Management field office, and the

Bureau of Prisons ("BOP") currently reports Green's anticipated release date (with good-conduct time included) as July 31, 2024. https://www.bop.gov/inmateloc/ (last visited April 3, 2024).

Green has filed two motions for compassionate release *pro se*. (Dkts. 43,44). Green argues that he establishes extraordinary and compelling reasons for compassionate release because the mother of his two minor children has died and he is now needed at home to provide care for his children. *Id.* The United States has filed an opposition to the motion.[1] (Dkt. 46). The motions are now ripe for the Court's consideration.

## II.   Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Section 3582(c)(1)(A) includes an administrative exhaustion provision, which states that a court may reduce a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the

---

[1] Mr. Green did not file a reply brief in support of his motion and the time for doing so has passed. (Dkt. 45).

3

defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement of § 3582(c)(1)(A) is a mandatory claim-processing rule that "must be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). The Seventh Circuit has held that "in order properly to exhaust, an inmate is required to present the same or similar ground[s] for compassionate release in a request to the Bureau as in a motion to the court." *United States v. Williams*, 987 F.3d 700, 703 (7th Cir. 2021).

The Government invokes the exhaustion requirement in its response asking the Court to deny Green's motion due to his failure to exhaust. (Dkt. 46 at 5). Green has not claimed and has provided no evidence that he petitioned the warden of his facility for his release prior to filing his motion. (*See* dkts. 43, 44). Green was provided with an opportunity to reply to the Government's response, and the Court did not receive a reply from Green. (*See* dkt. 45). Because the exhaustion requirement is mandatory, the Court is obligated to enforce it. For these reasons, Green's motion for compassionate release must be **denied**.

### III.   Conclusion

For the reasons stated above, Green's motions for compassionate release, dkt. [43], dkt. [44], are **denied**.

**IT IS SO ORDERED.**

Date: 4/11/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

Daniel Green
Register Number: 14543-040
RRM Detroit
Residential Reentry Office
4026 E. Arkona Road
Milan, MI 48160